UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRIPLE B CORPORATION dba CHARLIE'S PRODUCE,<br><br>        Plaintiff,<br><br>v.<br><br>LUCKY PEAR, INC. dba EVERGREEN MARKET and RODERICK CHIN,<br><br>        Defendants. | No. C09-995Z<br><br>ORDER |

THIS MATTER comes before the Court on plaintiff's motion for default judgment, docket no. 11. Having reviewed plaintiff's complaint, motion, and supporting declarations, the Court GRANTS plaintiff's motion IN PART and DENIES plaintiff's motion IN PART as explained in the following order.

Plaintiff alleges that, during the period from November 2007 to February 2009, it delivered perishable agricultural commodities to Evergreen Market, which was located at 5317 Evergreen Way in Everett, Washington, and which is no longer in operation. Complaint at ¶ 9 (docket no. 1); Burbach Decl. at ¶¶ 5 & 10 (docket no. 13). The unpaid balance owed for the produce in question is $78,504.77. Burbach Decl. at ¶ 7 & Exh. B (docket no. 13). Plaintiff also alleges that Evergreen Market was, at all relevant times, a "dealer" as that term is defined in the Perishable Agricultural Commodities Act of 1930 (the "PACA"). *See* Complaint at ¶ 7 (docket no. 1); *see also* 7 U.S.C. § 499a(b)(6) (with certain

ORDER -1-

exceptions, a dealer is "any person engaged in the business of buying or selling in wholesale or jobbing quantities . . . any perishable agricultural commodity in interstate or foreign commerce").

Under the PACA, any person injured by a dealer's failure to "make full payment promptly in respect of any transaction in any such commodity" may bring an action "in any court of competent jurisdiction" for the "full amount of damages . . . sustained in consequence of such violation." 7 U.S.C. §§ 499b(4), 499e(a), & 499e(b)(2). The PACA does not further define the term "full amount of damages" and it contains no prejudgment interest or attorney fees provisions. The PACA creates a trust, whereby perishable agricultural commodities received by a dealer are held by such dealer in trust for the benefit of any unpaid suppliers or sellers involved in the transaction until full payment has been received by such suppliers or sellers. 7 U.S.C. § 499e(c)(2). To preserve such trust, an unpaid supplier or seller must provide written notice in the manner outlined in the PACA, *see* 7 U.S.C. § 499e(c)(3), which can take the form of ordinary and usual billing or invoice statements containing the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the [PACA]. The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

7 U.S.C. § 499e(c)(4). In connection with its deliveries of perishable agricultural commodities, plaintiff issued invoices containing the above requisite wording to Evergreen Market and CDDT Inc. *See* Burbach Decl. at ¶ 6 & Exh. A (docket no. 13).

In addition to the principal amount owed by Evergreen Market, plaintiff seeks prejudgment interest at the rate of 18% per annum, attorney fees, and post-judgment interest at a rate other than that specified by 28 U.S.C. § 1961. For these items, plaintiff relies on a credit agreement with CDDT Inc., appended to which is a guaranty signed by defendant Roderick Chin. *See* Burbach Decl. at Exh. A (docket no. 13). Plaintiff has submitted no

ORDER -2-

similar contract with defendant Lucky Pear, Inc., no invoices issued to Lucky Pear, Inc., and no guaranty by defendant Roderick Chin of debts owed by Lucky Pear, Inc.

Plaintiff attempts to link CDDT Inc. with Lucky Pear, Inc., but plaintiff provides no document evidencing either a mere name change or Lucky Pear, Inc.'s assumption of CDDT Inc.'s assets and/or liabilities. Although Washington Department of Revenue records indicate that both CDDT Inc. and Lucky Pear, Inc. were or are doing business as "Evergreen Market," CDDT Inc. maintained a different mailing address and business location (2356 15th Avenue South, Suite 101, Seattle) than both Lucky Pear, Inc. and the business entity known as Evergreen Market to which plaintiff delivered the produce at issue. *See* Burbach Decl. at Exh. C (docket no. 13). Moreover, CDDT Inc. dissolved on November 1, 2006, before the debt in question was incurred. *Id.*

Based on the current record, the Court cannot conclude that the credit agreement between plaintiff and CDDT Inc. is binding on Lucky Pear, Inc. or that the guaranty signed by Mr. Chin was effective as to the debts of Lucky Pear, Inc. Thus, the Court finds no basis for awarding attorney fees or prejudgment interest,[1] or for entering default judgment against Mr. Chin. The Court further concludes that post-judgment interest at the contractual rate is inappropriate, and that such interest should be computed at the rate specified by federal statute. The Court will therefore enter default judgment in favor of plaintiff Triple B Corp. d/b/a Charlie's Produce and solely against defendant Lucky Pear, Inc. d/b/a Evergreen Market, pursuant to the Perishable Agricultural Commodities Act of 1930, specifically 7 U.S.C. § 499e, in the principal amount of $76,504.77, together with costs in the amount of $570, for a total award of $77,074.77, and interest from the date of judgment at the rate of four-tenths of one percent (0.4%) per annum until paid.

---

[1] The Court also notes that the rate stated in the credit agreement, namely 18% per annum, appears to violate Washington's usury statute. *See* RCW 19.52.020.

ORDER -3-

IT IS SO ORDERED.

DATED this 24th day of September, 2009.

_____
Thomas S. Zilly
United States District Judge

ORDER  -4-